Mabel L. Smith
vs. } No 88910.
Frank E. Domina et al.

June 10, 1933.

POULIOT, J. This cause is before the Court on a motion for a new trial filed by the defendant after a jury had returned a verdict in favor of the plaintiff for $500.00.

The defendant owns a garage located on the westerly side of Hope street in Providence. Between the sidewalk proper and the garage building is a wide space covered with cement which is used by the public as part of the

sidewalk although it is on land owned by the defendant.

On the late afternoon of October 31, 1931, the plaintiff came out of a drugstore situated on the northwest corner of the defendant's building and had just taken a few steps from the door of the drugstore when she tripped over a pipe protruding from that portion of the walk which is on defendant's premises.

There seems to be no dispute that a pipe did protrude above the surface of the walk; the plaintiff claims it was above the surface two to three inches, while the defendant claims there was a depression of three-quarters to seven-eighths of an inch. Defendant knew that the cement around the pipe had been cracked for two or three months and had taken up with a cement contractor the matter of patching up the walk.

The Court is satisfied that the plaintiff has proven the negligence of the defendant by a fair preponderance of the evidence.

The physical injuries were not serious, consisting of bruises and contusions which cleared up in a normal way.

The real damage claimed by the plaintiff is that she suffered, and is still suffering, from nervousness.

We have a plaintiff who is a nervous type. She was treated for such trouble some four or five years prior to the trial by Dr. White, who testified that the symptoms had subsided under his treatment. He stated that after October 31, 1931, her nervousness was more marked than before, from which testimony the jury might infer that she suffered some nervousness prior to the accident.

Dr. Johnson, to whom she was referred by Dr. White, found a condition of nervousness, which he termed a neurosis and which he attributes to the accident, which still needs treatment. Dr. Gormley believes the nervousness

due to the accident should have cleared up in about five months.

It seems to the Court that, on this testimony, the amount awarded by the jury is very reasonable and the verdict should not be disturbed on this ground.

Therefore, defendant's motion for a new trial is denied.

For plaintiff: Fergus J. McOsker & J. C. McOsker.

For defendants: Swan, Keeney & Smith, Henry M. Boss, Jr.